UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JUDY GRIFFITH PAPINEAU,

            Plaintiff,

    v.

HANNAH HEILMAN, et al.,

            Defendant.

CASE NO. 12-cv-05256

ORDER ON DEFENDANTS'
MOTION FOR PROTECTIVE
ORDER

(ECF NO. 11)

     THIS MATTER was referred to the undersigned for purposes of resolving defendants'

Motion for Protective Order Re: Physical Evidence (ECF Nos, 11, 18).

     It is in each party's interest that the physical evidence currently in the custody of Pierce

County be kept safe and free from spoliation.  Since plaintiff is the owner of most of this

property, she is entitled to custody of it, subject to certain restrictions during the pendency of this

case.  The remaining property will remain in the custody of Defendant Pierce County, which is

subject to the same restrictions.

1                             FACTUAL BACKGROUND

2          In the course of a traffic stop in June of 2011, Defendant Tacoma Police Officer Hanna

3   Heilman shot and killed Brooks Papineau.  Mr. Papineau's widow, plaintiff Judy Papineau

4   brought this action against the City of Tacoma, Officer Heilman, and Pierce County (ECF No. 1,

5   5).

6          Defendant Pierce County is in custody of certain physical evidence that was gathered

7   during the course of its investigation, including Mr. Papineau's truck, gun, and personal effects.

8   Also, certain of the evidence in the custody of the County, including spent casings, bullet

9   fragments, photographs, witness statements and examination materials are not plaintiff's

10  property (ECF No. 12, Exhibit 8, Property Report).

11         Plaintiff has asked that all property owned by the estate and certain other property that

12  was gathered during the investigation be turned over to plaintiff's retained forensic expert to

13  conduct tests and create a reconstruction of the events leading to Mr. Papineau's death (ECF No.

14  11, page 3).  Defendants City of Tacoma and Officer Heilman have requested that Mr.

15  Papineau's truck, gun, and personal effects remain in the custody of the Pierce County Sheriff's

16  Department for a period of "no less than ninety (90) days, pending a joint examination of the

17  evidence by all parties." (id. at page 5.)  Plaintiff objects and claims that she has the right and

18  the need to take custody of the property. (ECF No. 14, at 1, 8.)  Plaintiff claims that Mr.

19  Papineau's truck is being kept outdoors and unprotected, and that mold is growing in the interior,

20  possibly destroying or affecting trace evidence. (Id. at 9, 10.)  Defendants City of Tacoma and

21  Heilman also claim that at least some of property may have already been changed by plaintiff's

22  expert and that her expert should not be trusted with the responsibility of preserving the

23  evidence. (ECF 20, at 5). Plaintiff proposes to put the truck in an enclosed protected indoor

24

ORDER ON DEFENDANTS' MOTION
FOR PROTECTIVE ORDER - 2

1   storage area, where plaintiff's expert will conduct further tests.  (Id.)  It is unclear at this point

2   whether any of this testing may be destructive in nature.

3          Plaintiff and defendants City of Tacoma and Heilman have filed briefs, affidavits, and

4   declarations (see ECF Nos. 11, 12, 14, 15, 16, 17, 20, 21).  Defendant Pierce County has filed no

5   responsive pleadings but according to the other parties and certain email correspondence, the

6   County acknowledges plaintiff's right to Mr. Papineau's property and is prepared to release it to

7   plaintiff now that the criminal investigation has concluded.  (ECF No. 12, Exhibit 5, page 3.)

8   Nevertheless, the County has also expressed concerns regarding the preservation of evidence

9   (id.).  The parties disagree over who should have physical custody of the property that is not

10  plaintiff's property.

11                                              DISCUSSION

12         As a threshold question, plaintiff argues that defendants' motion for a protective order is

13  not authorized under Fed. R. Civ. P. 26(c).  While the Court recognizes that a protective order is

14  usually brought by a party or person who is seeking to prevent or limit another person's right to

15  property in the possession of the moving party, the Rule also gives authority to the court to

16  prescribe a discovery method and to specify the terms, including time and place, for the

17  disclosure or discovery.  See Fed. R. Civ. P. 26(c)(1)(B), (C).  The Court has broad discretion to

18  decide when a protective order is appropriate and to what degree protection is required.  Seattle

19  Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).  Therefore, this Court is within its authority to

20  issue an order regarding evidence that may be relevant to this litigation.  The property identified

21  in the motion certainly falls within this authority.

22         It is undisputed that most of this property belongs to plaintiff (ECF No. 11, page 6-7,

23  ECF No. 14, page 1).  It is also undisputed that all parties having custody of evidence have a

24

ORDER ON DEFENDANTS' MOTION
FOR PROTECTIVE ORDER - 3

1  duty to preserve that evidence so as not to prejudice other parties (ECF No. 11, page 7-8, ECF

2  No. 14, pages 1-2).  While the parties may disagree regarding whether or not defendant Pierce

3  County has adequately protected the property, there is no dispute that Pierce County does not

4  need the property for any ongoing criminal investigation.

5        For these reasons, the Court ORDERS that all property belonging to the Estate of Brooks

6  Papineau be immediately placed into the custody of his wife and personal representative, Judy

7  Griffith Papineau.  All parties can be present and document the condition of the property at the

8  time the property is given to plaintiff.

9        Plaintiff is also charged with the responsibility of preserving this evidence from

10  spoliation and will be required to produce the evidence, upon reasonable notice, to other parties

11  in this litigation who may need to examine such evidence.

12        No destructive testing of any of this property will be conducted in the absence of

13  agreement between all parties or unless ordered by the Court.  If any party wishes to conduct

14  destructive testing, then notice will be provided to the other parties with an opportunity for the

15  Court to rule, if necessary, on the appropriateness of any destructive testing before it is

16  conducted.

17        As to the property that does not belong to the Estate of Brooks Papineau, it will be remain

18  in the custody of Pierce County, subject to the same restrictions as set forth above.  All parties

19  can be present and document the condition of the property that remains in the custody of the

20  County.

21

22

23

24

1    Plaintiff's request for reasonable expenses for the necessity of responding to this motion

2  is DENIED.

3    Dated this 30th day of April, 2012.

4

5    J. Richard Creatura
     United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON DEFENDANTS' MOTION
FOR PROTECTIVE ORDER - 5